JUN-13-2008 11:22                                                                 P.02

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AUTOMOTIVE LIFT AND EQUIPMENT CORP.,

         Plaintiff,

-against-

        **STIPULATION OF**
        **SETTLEMENT &**
        **ORDER**

        4444 Civ. 2008
NATIONAL AUTO TOOLS, INC.,    Hon. Stephen C. Robinson

        Defendant.
------------------------------------------------------------X

   **WHEREAS**, a Summons and Complaint was duly filed on May 12, 2008 in the United States District Court, Southern District of New York, City of White Plains under Case No. 08 Civ. 4444 by Automotive Lift and Equipment Corp., Plaintiff, against National Auto Tools, Inc., Defendant (the "Action"); and

   **WHEREAS**, the Action was commenced to recover any damages sustained and/or to be sustained by Automotive Lift and Equipment Corp. (hereinafter "Plaintiff") arising from the sale to Plaintiff by National Auto Tools, Inc. (hereinafter "Defendant") of automotive lifts containing plastic rollers; and

   **WHEREAS**, Plaintiff purchased from Defendant automotive lifts for resale to Plaintiff's customers and at all relevant times Defendant was aware that the automotive lifts sold by Defendant to Plaintiff were intended for resale to and use by customers including, but not limited to, automotive repair and service stations; and

   **WHEREAS**, Plaintiff and Defendant have both become aware of some complaints by some customers that the automotive lifts which contain plastic rollers and

1





which were sold by Defendant to Plaintiff have demonstrated wear and tear and raised a concern of possible failure to meet its complete intended purpose and function; and

**WHEREAS**, at the time of the sale of the automotive lifts containing the plastic rollers from Defendant to Plaintiff, both Plaintiff and Defendant believed (and still believe) that the automotive lifts fully complied with all industry standards and that tens of thousands of such automotive lifts, if not more, were and are routinely in use throughout the United States of America and regularly being sold and marketed by manufacturers, importers, and sellers of automotive lifts to customers; and

**WHEREAS**, the automotive lifts in question containing the plastic rollers at this time and at the time of sale fully satisfied all known industry standards and meet all regulatory specifications and requirements within the industry; and

**WHEREAS**, despite the foregoing, Plaintiff and Defendant desire to resolve the action by a Settlement and Order of the Court providing, *inter alia*, that Defendant, at its sole cost and expense, shall provide rublocks to replace each and every plastic roller part sold by Defendant to Plaintiff and in turn sold by Plaintiff to any customer of the Plaintiff during the preceding two years or whenever Plaintiff bought any lift containing a plastic roller from Defendant, whichever period of time is greater; and

**WHEREAS**, neither party by entering into this Stipulation of Settlement and jointly requesting that the Court dismiss and discontinue the action pursuant to this Stipulation of Settlement and Order is admitting any liability or responsibility of any kind or nature whatsoever; and

**WHEREAS**, the parties have reached this agreement solely in the interest of avoiding the costs and expenses of litigation and facilitating the provision of the



highest quality automotive lifts to the specific customers who were sold automotive lifts containing plastic rollers which Defendant sold to Plaintiff and which Plaintiff in turn sold to customers in the ordinary course of Plaintiff's business; and

WHEREAS, it is the intention of the parties that this Settlement shall resolve all disputes and known claims by and between Plaintiff and Defendant and vice versa from the beginning of time to the date hereof;

NOW, THEREFORE, in consideration of the sum of Ten ($10.00) Dollars and other good and valuable consideration, including the terms and provisions and undertakings set forth hereinbelow, it is hereby Stipulated and agreed by and between Plaintiff and Defendant as follows:

1. All of the "WHEREAS" provisions cited hereinabove are incorporated by reference as if set forth at length and verbatim hereinbelow and each of said "WHEREAS" provisions also form a material part of this Stipulation of Settlement and Order.

2. In consideration of this Stipulation of Settlement and Order, and Plaintiff's agreement herein to discontinue the action, Defendant hereby agrees as follows:

    a. Immediately upon execution of this Stipulation of Settlement and Order by Defendant, the Defendant shall order rublocks to replace each and every plastic roller previously forming a part or component of any automotive lift sold by Defendant to Plaintiff for resale to Plaintiff's customers or otherwise during the preceding two years, or whenever

Plaintiff purchased any lift with a plastic roller from Defendant, whichever period of time is greater.

b.   Defendant shall exercise its best effort to expeditiously obtain and ship directly, all at the complete cost and expense of the Defendant and without any cost or expense whatsoever to the Plaintiff, rublocks to replace the plastic rollers in the automotive lifts sold by Defendant to Plaintiff and in turn sold by Plaintiff to its customers.

c.   Plaintiff and Defendant have simultaneous with the execution of this Stipulation of Settlement and Order each signed an identical List of the Plaintiff's Customers (the "Customer List") who shall be expeditiously provided by Defendant with the rublocks as aforementioned. Each of the parties shall keep a duplicate copy of the Customer List which enumerates the names and addresses of each and every customer of the Plaintiff who will be shipped by Defendant rublocks to replace the plastic rollers as aforementioned.

3.   Defendant shall prepare at its sole cost and expense all installation instructions consistent with industry standards needed for the proper replacement of the plastic rollers with the rublocks and those installation instructions shall be shipped with the rublocks to each and every customer on the Customer List by Defendant. In so proceeding, Defendant shall provide the standard warranty of the rublock part f/b/o the customer for one (1) year. Defendant represents that replacement of plastic rollers with rublocks pursuant to industry standard installation, which shall not be the responsibility

C&F: 933053.2



of Defendant, shall confirm to industry standards in providing a safe automatic lift to the affected customers.

4.  Proof of shipment to every customer on the Customer List and receipt of each and every customer identified in the Customer List exchanged herein but not set forth as an exhibit to preserve the confidentiality of Plaintiff's Customer List shall be provided by Defendant to Plaintiff no later than six (6) months from the date of execution of this Stipulation.

5.  It is agreed that Defendants shall start the replacement program of ordering, purchasing and shipping the rublocks to replace the plastic rollers <u>immediately</u> upon execution of this Stipulation of Settlement and Order and shall exercise its best efforts to complete this replacement program as soon as reasonably practicable but in no event shall the time period for performance of this material obligation be extended beyond six months from the date of this Stipulation of Settlement and Order.

6.  It is further agreed, Stipulated and Ordered that any customer of the Plaintiff operating its business with only one automotive lift shall be provided priority by the Defendant during the course of this replacement program.

7.  During the administration of this replacement program, Defendant has agreed to respond in a businesslike and courteous manner to all inquires from customers of the Plaintiff who call the telephone number set forth in Plaintiff's notice to its customers of May 12, 2008, a copy of which is marked Exhibit 1 to the Complaint filed in the above-entitled action.

8.  Plaintiff shall arrange for calls to that telephone number to be forwarded to a telephone number supplied by the Defendant to the Plaintiff at or prior to



the execution of this Stipulation of Settlement and execution by the parties of the List of the Customers to be shipped the rublocks for replacement of the plastic rollers.

9. In the event that any customer of the Plaintiff is inadvertently omitted from the List of Customers signed and exchanged at the time of execution of this Stipulation of Settlement and Order, then, it is agreed that upon presentation of proper proof of purchase from Plaintiff of an automotive lift containing a plastic roller purchased by Plaintiff from Defendant during the time periods specified and sold to an "omitted" customer, then, the absence of such name or identification of the customer on the List of Customers shall be deemed irrelevant and Defendant shall still be obligated to exercise its best efforts to promptly provide such customer with the replacement rublocks.

10. It is specifically agreed and understood that Defendant is not undertaking the installation for any customer of the Plaintiffs of the replacement rublock and the parties intend that each of the customers, being experienced operators of automotive lifts, will attend on their own to the installation of the replacement part.

11. By agreeing to the terms and provisions of this Stipulation of Settlement and Order, neither Plaintiff nor Defendant are agreeing to the accuracy of any of the claims set forth in the Complaint filed in this action dated May 12, 2008 or Exhibit "1" thereto.

12. Defendant's agreement to the terms and provisions of this Stipulation of Settlement and Order are solely for settlement purposes only and without in any way, shape or form constituting an admission of any liability or obligation whatsoever to replace any part of the automotive lifts forming the subject of this dispute.

C&F: 933053.2

JUN-13-2008 11:24 P.08



13. By agreeing to the terms and provisions hereof, Defendant has elected to settle the litigation by avoidance of litigation costs and expenses, the Defendant having reached a business judgment specifically for purposes of this case and this case only, that it is a more prudent business decision and less costly endeavor to agree to these terms and provisions in lieu of defense costs and the possibility of protracted and costly litigation which could involve experts and valuable time taken away from Defendant's business.

14. Plaintiff is entering into this Stipulation of Settlement and Order because of Plaintiff's equal desire to avoid the protracted time of litigation and continued costs of prosecution of the Action and potentially retention of expert witnesses, Plaintiff having made a practical business decision that the fastest means of securing for Plaintiff's customers replacement rublocks is pursuant to the terms and provisions of the Stipulation of Settlement and Order.

15. Plaintiff represents that Plaintiff has already withdrawn all Dispute Resolution and Chargeback requests and procedures filed with American Express and Google Checkout. No chargebacks may ever be filed or refiled in the future for any reason by Plaintiff against Defendant. The parties specifically agree pursuant to paragraph 21 hereinbelow that any and all disputes between the parties, whether arising out of this Stipulation or otherwise, shall be resolved exclusively through the Courts.

16. The parties expressly and jointly stipulate that the replacement of the plastic rollers agreed to herein is not the subject of any regulatory or governmental order of recall or replacement but, to the precise contrary, a purely voluntary decision

C&F 933053.2

JUN-13-2008 11:24 P.09



precipitated by Plaintiff's receipt of a few customer complaints and Plaintiff's desire to take all reasonable steps to enhance product safety and customer satisfaction.

17. This Stipulation of Settlement and Order has been prepared by the attorneys for the Plaintiff but it is specifically agreed that there will be no interpretation or construction against the draftsman.

18. Prior to entering into this Stipulation of Settlement and Order, Defendant acknowledges that Defendant has had every opportunity to consult with its own legal counsel and has either so consulted with independent and separate counsel or has voluntarily elected, as a sophisticated business, to forego legal representation and enter into this Stipulation of Settlement and Order without representation by counsel appearing in New York and entering an appearance in this action. Defendant does have local counsel in the State of Texas and has either consulted with such local counsel prior to entering into this Stipulation of Settlement and Order, or, voluntarily elected not to so consult. In either event, Defendant acknowledges that the terms and provisions of this Stipulation of Settlement and Order are binding and enforceable as an Order of the Court.

19. For purposes of this Stipulation of Settlement and Order, Defendant consents to the jurisdiction of the United States District Court, Southern District of New York and requests that the Hon. Stephen C. Robinson accept this Stipulation of Settlement and Order for filing and "So Order" this Stipulation as an Order of the Court in full dismissal and satisfaction of the claims of the Plaintiff against Defendant in this action.

C&F: 933053.2

Case 7:08-cv-04444-SCR   Document 3   Filed 06/20/2008   Page 9 of 11



20.  Plaintiff similarly requests that the Court accept this Stipulation and "So Order" the same.

21.  The parties jointly request and agree that the Court shall maintain continuing jurisdiction over the parties for enforcement purposes and Defendant specifically acknowledges that this Stipulation of Settlement and Order shall be entitled to full faith and credit in the State of Texas.

22.  In the event that Defendant defaults in the performance of the obligations agreed to and assumed herein, then, in such event, it is expressly stipulated and agreed that Plaintiff may perform any terms and provisions of this Stipulation of Settlement not performed by Defendant in accordance with the terms and provisions hereof and within the time period hereof, and in such event, Defendant shall be obligated to pay to the Plaintiff the costs of performance (i.e. the costs of obtaining rublocks as well as shipping), and any reasonable attorneys fees incurred in compelling performance or recovering reimbursement of costs and expenses incurred as a result of failure to perform and default on the part of the Defendant.

23.  Any and all notices required or desired to be provided by either party to the other shall be provided in writing to the addresses of the parties as specified in paragraphs 3 and 4 of the Complaint on file in this action.  Notice shall be deemed given upon sending certified mail, return receipt requested or delivery to Federal Express for overnight delivery.

24.  This agreement, Stipulation and Order shall be governed by and enforced pursuant to the laws of the State of New York, and may be signed in counterparts and by telecopy.

JUN-13-2008 11:25                                                                P.11

25. The parties agree that this agreement represents the entire agreement and stipulation of the parties and no one is entering into this agreement in reliance upon any terms, representations or promises other than those expressly set forth in writing within the four corners hereof.

26. This agreement may not be modified except in writing pursuant to an amended stipulation approved by the court and filed as an Order with the Court.

C&F: 933053.2

**IN WITNESS WHEREOF,** the parties hereto have signed this Stipulation of Settlement, jointly requesting that the Court "So Order" the Stipulation and cause the same to be filed with the clerk of the court providing for dismissal of the action subject to and in accordance with the terms and provisions of this Stipulation of Settlement and Order.

*/s/ Cau Cloud/*

AUTOMOTIVE LIFT & EQUIPMENT CORP.

By:_____
Charles Zakarin, President

NATIONAL AUTO TOOLS, INC.

By:_____
Christine Schubert, President

SO ORDERED:

*/s/ Stephen Robin/*
STEPHEN C. ROBIN U.S.D.J.

June 20, 2008
White Plains, NY

JUN-26-2008 THU 09:46 AM CUDDY & FEDER LLP          FAX NO. 914 761 2544          P. 02
Case 7:08-cv-04444-SCR   Document 3-2   Filed 06/20/2008   Page 1 of 1
Jun 16 2008 9:47PM    HP LASERJET FAX                                    P.11

JUN-13-2008 11:25                                                        P.12

IN WITNESS WHEREOF, the parties hereto have signed this Stipulation of Settlement, jointly requesting that the Court "So Order" the Stipulation and cause the same to be filed with the clerk of the court providing for dismissal of the action subject to and in accordance with the terms and provisions of this Stipulation of Settlement and Order.

AUTOMOTIVE LIFT & EQUIPMENT CORP.

By: _____
Charles Zakarin, President

NATIONAL AUTO TOOLS, INC.

By: _____
Christine Schubert, President

SO ORDERED:

_____, U.S.D.J.